## EDWARD SCHEPPMANN v. HARVEY SWENNES.[1]

### November 4, 1927.

### No. 26,010.

**Injury to plaintiff when disabled motor on highway was struck by defendant's car—Verdict for $3,988.50 sustained.**

Plaintiff, while after dark assisting the owner of an unlit automobile to remove it from the highway where it was stalled, was injured by defendant's driving his car against the disabled car in front of which plaintiff was standing to chain it to another car to be towed. It is *held*:

[1] Plaintiff's contributory negligence was for the jury.

[2] The court was in error in charging that a motor vehicle left standing on a public highway is not operated thereon so as to require it to have lights lit after dark as prescribed by G. S. 1923, § 2705.

[3] But the error was without prejudice, for said section had no bearing upon plaintiff's contributory negligence, which could only be based upon his going between the two cars when the one was unlit through no fault of his.

[4] The verdict is not so excessive that this court should interfere.

Motor Vehicles, 42 C. J. p. 1160 n. 78; p. 1284 n. 51; p. 1289 n. 49; p. 1321 n. 38.

---

See note in L. R. A. 1918B, 828; 2 R. C. L. 1192; 1 R. C. L. Supp. 729; 4 R. C. L. Supp. 151; 5 R. C. L. Supp. 137; 6 R. C. L. Supp. 132.

Defendant appealed from an order of the district court for Jackson county, Haycraft, J., denying his motion for a new trial. Affirmed.

*Kingman, Cross, Morley & Cant* and *Edwin D. Ford, Jr.* for appellant.

*E. H. Nicholas* and *H. H. Dunn,* for respondent.

[1]Reported in 215 N. W. 861.

HOLT, J.

Defendant appeals from an order denying his motion for a new trial, the verdict being for plaintiff.

The action was for damages alleged to have been caused by the negligent operation of an automobile driven by defendant on November 14, 1924, upon a state road running south from Heron Lake to Okabena, whereby the large bone of plaintiff's right leg was fractured a couple of inches below the knee and his person was otherwise bruised and shocked.

The facts are in short these: Some time more than an hour after sunset while plaintiff's brother was driving a Ford car from Heron Lake towards Okabena the magneto broke. He left the car standing on the west side of the road so that the left wheels thereof remained on the graveled part of the highway and the right on the grassy shoulder, and then went to a near farmhouse and telephoned plaintiff at Okabena to come to his assistance. Plaintiff did not have his car at hand but one Schultz, a relative, offered to go with his car, also a Ford, and haul in the disabled car. Supplied with a tow chain from a garage, plaintiff and Schultz went out to the disabled car. Schultz turned around and placed his car (in the trial and here referred to as the service car) about six feet in front of the disabled car and with all four wheels on the graveled part of the highway. The graveled portion was from 24 to 26 feet wide. Defendant disputed the position of the cars only in this, that both stood on the graveled portion with the service car directly in front of the one disabled. Both being Fords the lights were out unless the engines were running. Plaintiff claims the engine of the service car was left running while he stepped in to chain the two cars together. While so doing he noticed defendant's car coming from Heron Lake. The chain unhooked, again he proceeded to hook it, and as he raised up, defendant's car struck the disabled car, which in turn struck plaintiff and the service car with the stated result to plaintiff. The service car was standing with the front wheels turned to the east; and, as another car from the south driving north arrived about opposite the service car as it was struck, the impetus

given the latter sent it across the road against the northbound car. All four cars were more or less damaged.

The negligence of the defendant is driving at a high speed without sufficient care so as to be able to avoid a collision after he ought to have discovered the disabled car. It is not seriously contended, and it could not well be, that defendant's negligence was not for the jury. But it is confidently asserted that plaintiff was guilty of contributory negligence as a matter of law. It is said that plaintiff saw defendant's car coming and knew the disabled car was without lights, and therefore it was negligence as a matter of law to step in front of the latter, and that is so without taking into consideration the statutory duties imposed upon the operators of motor vehicles on public roads. Railroad crossing cases are cited, such as Klande v. G. N. Ry. Co. 163 Minn. 123, 203 N. W. 773. The cases are not parallel. A person about to cross a railroad track must use his senses to ascertain whether or not any train is also about to use it; if there is, he has no right to be upon the crossing. Everyone has a right to the proper use of a public highway at all times, except as it may be crossed by railroads. At common law there could be no contributory negligence as a matter of law predicated upon leaving an unlighted car on the right side of a public highway at night or in standing in front thereof.

It is also asserted that here was a violation of G. S. 1923, §§ 2705, 2708, in that there were no lights on the disabled car and that it not being in motion was not placed as near the right side of the road as practicable. Under plaintiff's evidence it certainly was not for the court to say that there was any violation of § 2708. And under the decision of Dohm v. R. N. Cardozo & Brother, 165 Minn. 193, 206 N. W. 377, it is equally plain that the court could not rule as a matter of law that the absence of lights on the disabled car during the minute or two after plaintiff's arrival was a violation by him of § 2705. Before plaintiff came to the disabled car he of course was not chargeable with its condition.

The court charged the jury that said §§ 2705 and 2708 were applicable to the disabled as well as to the service car; however,

deeming that this was error, the jury were recalled and instructed that § 2705 had no application to cars standing on the highway but only to cars being operated thereon. Defendant excepted to this change of the charge. The requirement of lights on the rear of a motor vehicle on the highway no doubt was intended chiefly for the protection of travelers coming up from behind the same, and as to such it is self-evident that an unlit car at night is much more of a menace when stationary than when moving forward. We think the learned trial court misconstrued the statute in holding it not applicable to motor vehicles parked or left standing on the traveled portion of a highway. We agree with the courts which hold that the word "operate" in the statute means not only cars that are in motion but also those which in the course of operation are parked or left standing on the highway. Hardware Mut. Cas. Co. v. Union Tr. & St. Co. 205 Ky. 651, 266 S. W. 362; Commonwealth v. Henry, 229 Mass. 19, 118 N. E. 224, L. R. A. 1918B, 827; Jaquith v. Worden, 73 Wash. 349, 132 P. 33, 48 L.R.A.(N.S.) 827. There are cases to the contrary. City of Harlan v. Kraschel, 164 Iowa, 667, 146 N. W. 463; Musgrave v. Studebaker Bros. Co. 48 Utah, 410, 160 P. 117; State v. Bixby, 91 Vt. 287, 100 A. 42.

It remains to determine whether defendant could be prejudiced by withdrawing § 2705 from the jury's consideration. We think not. The disabled car was not plaintiff's, and he was not responsible for its unlit condition. He was there at the request of the owner of the car to assist in removing it. The only act of his upon which the jury could base a finding of contributory negligence was going between the two cars knowing that the disabled car was unlit. In determining the contributory negligence of one who had no connection with the disabled car or with its being without lights under the circumstances under which plaintiff was there, we cannot conceive what bearing the violation of the statute by the owner of the car, who was present and in control of it, could have.

The only remaining question is the size of the verdict. In addition to the suffering, loss of time, hospital expense and cost of medical attention, the jury could find that there was an impairment of

plaintiff's nervous system. The trial court refused to interfere with the verdict, and it is not so large [$3,988.50] that we can say the refusal was an abuse of judicial discretion.

Affirmed.