ZOWIN, by Guardian *ad litem,* Appellant, vs. PEOPLES BREWING COMPANY, Respondent.

*April 27—May 25, 1937.*

For the appellant there was a brief by *Crawford & Crawford* of Superior, and oral argument by *Raymond A. Crawford*.

For the respondent there was· a brief by *Hanitch, Johnson, Fritschler & Barstow* of Superior, and oral argument by *John C. Fritschler*.

ROSENBERRY, C. J. The defendant is a brewing ·company with offices and plant in Duluth, Minnesota. It employs trucks in its business which are stored in the Repke Brothers garage in Duluth. One of its trucks driven by Alger Meyer, employee of the defendant, was being operated in the city of Superior when it collided with a horse. As a result of the collision the truck went off on the left side of the highway and became mired in the mud: Meyer, the driver of the truck, called Repke Brothers garage, and in his examination in chief said he told them to send over one of the Peoples Brewing Company trucks "to ·pull me out of the ditch." On cross-examination.he said :

"When I called up Repke's garage, I told them the car was in the ditch and was stuck pretty bad. I didn't specify any truck to be sent over. I told them to send a truck over, something big enough that could handle it. . . . . I just let them know how deep the truck was—how bad it was, and

told them they had to have something heavy in order to get it out of there. I didn't mean what I said to Mr. Crawford about sending over a Brewing Company truck. I didn't specify any certain truck."

Meyer acted pursuant to instructions received from the defendant that if he had trouble he was not to call any other wrecker but to notify Repke Brothers. Upon being notified that the defendant's truck, driven by Meyer, was in difficulty, two employees, Frank Repke, a brother of the partners and not connected with the garage, and one Joe Carollo, went to the scene of the accident in a Peoples Brewing Company truck. Carollo took charge of the operation, told Alger Meyer to light the flares and get them on the road. Before the flares could be put in position, and while they were being lighted, the plaintiff riding in a car ran into the Carollo truck and sustained the injuries complained of.

After the collision Carollo was unsuccessful in extricating the disabled truck and returned to Duluth, whereupon Repke Brothers employed a wrecker from the Yoakum garage in Duluth, and went with Yoakum to Superior and got the Meyer truck out of the ditch. Repke Brothers received no compensation from the defendant for the service rendered by Carollo and Frank Repke, but Repke Brothers did charge the Peoples Brewing Company for hiring the Yoakum wrecker and for Ed Repke's time. Neither Carollo nor any of the Repkes were ever on the pay roll of the defendant company. It does not appear from the evidence what, if any, arrangement the defendant had with Repke Brothers other than the fact that the defendants' trucks were stored in the Repke Brothers garage.

It is the contention of the plaintiff that Carollo in doing what he did was the employee of the defendant company. It is the contention of the defendant that Repke Brothers were independent contractors and that Carollo was their employee and not the employee of the defendant. Upon all of the evidence the trial court concluded that Repke Brothers

were independent contractors and that Carollo was not therefore the employee of the defendant. It should be added that Repke Brothers had no wrecking car and did not respond to calls for services of that kind to the public generally.

It is the contention of the plaintiff that Meyer had authority to and did hire Carollo as a special employee of the Peoples Brewing Company, citing *Johnson v. Wisconsin Lumber & Supply Co.* (1931) 203 Wis. 304, 234 N. W. 506. In the *Johnson Case* the driver of the truck requested the plaintiff Johnson to use his tractor to haul a loaded truck out of a hole in the highway. In the effort to move the truck the plaintiff was injured, and it was held that the driver of the truck had implied authority to employ the plaintiff, and that he was an employee of the defendant company. In this case, however, the driver Meyer was under instructions as to what he should do in the event his truck became disabled on the highway. His instructions were to call Repke Brothers garage. There his responsibility terminated. He did not employ Repke Brothers. They performed the service independently of any direction by Meyer or anyone else. Meyer acted pursuant to his instructions. He did not attempt to hire anyone. His instructions were not to hire Carollo or anyone else, merely to notify the Repke Brothers garage, which he did. What Repke Brothers did in response to the notice which they received was not pursuant to any arrangement Repke Brothers made with Meyer.

Plaintiff argues that Meyer in putting out flares was acting on behalf of his employer. Meyer was putting out flares to light Carollo's truck. That was Carollo's duty which he directed Meyer to perform for him.

It is considered within the well-established rules that the trial court correctly held that Repke Brothers were independent contractors and that Carollo was not an employee of the defendant.

The plaintiff further contends that Carollo was an employee as a matter of law, basing this claim upon the follow-

ing state of facts: Sec. 2720—104; Mason's Minn. Stats. 1934, provides:

"Whenever any motor vehicle, after this act becomes effective, shall be operated upon any public street or highway of this state, by any person other than the owner, with the consent of the owner, express or implied, the operator thereof shall in case of accident, be deemed the agent of the owner of such motor vehicle in the operation thereof."

Under the provisions of sec. 328.01, Wis. Stats., this court is required to take judicial notice of the laws of the state of Minnesota. It is apparent, however, that this statute applies only when a vehicle is being operated upon the public streets or highways of the state of Minnesota, the operator is then the agent only in case of accident. It has been held that a statute similar to the Minnesota statute has no extraterritorial effect. *Miranda v. Lo Curto* (1928), 249 N. Y. 191, 163 N. E. 557; *Kernan v. Webb* (1929), 50 R. I. 394, 148 Atl. 186. The plaintiff relies upon *Levy v. Daniels' U-Drive Auto Renting Co.* (1928) 108 Conn. 333, 143 Atl. 163. The Connecticut statute provides:

"Any person renting or leasing to another any motor vehicle owned by him shall be liable for any damage to any person or property caused by the operation of such motor vehicle while so rented or leased."

The court held that the liability of the lessor was contractual and therefore the relation of the parties was governed by the laws of Connecticut, the place where the contract was made. The Connecticut statute is entirely different from the Minnesota statute. While the Minnesota statute uses the word "agent," it does not attempt to make liability a part of an agency contract and so make it contractual. It merely makes the owner of a car driven by a person with his consent liable as though that person were an agent, a very different thing.

*By the Court.*—Judgment affirmed.