FISCHER (RUTH), Plaintiff and Respondent, vs. LONDON GUARANTEE & ACCIDENT COMPANY, LIMITED, and others, Defendants and Respondents: FISCHER (ELWOOD C.) and another, Interpleaded Defendants and Appellants.

FISCHER (ELWOOD C.), Plaintiff and Appellant, vs. SAME, Defendants and Respondents: HARDWARE MUTUAL CASUALTY COMPANY, Interpleaded Defendant and Appellant.

OTT, Plaintiff and Respondent, vs. FISCHER (ELWOOD C.) and another, Defendants and Appellants: LONDON GUARANTEE & ACCIDENT COMPANY, LIMITED, Defendant and Respondent.

*December 6, 1938—January 10, 1939.*

48

50

For the appellants there was a brief by *Buchen, Federer & Grote* of Sheboygan, and oral argument by *J. F. Federer.*

*Oscar L. Wolters* and *Jos. H. Peters,* both of Sheboygan, for the respondent Ruth Fischer.

For the respondents London Guarantee & Accident Company, Limited, Michael H. Grossman, and Raymond J. Voss there was a brief by *Bassuener, Humke & Poole* of Sheboygan, and oral argument by *John M. Poole.*

For the respondent John Ott there was a brief by *Voigt & Voigt* of Sheboygan, and oral argument by *Charles S. Voigt.*

NELSON, J.   The material facts are comparatively few. Elwood C. Fischer and Ruth Fischer are husband and wife. On the evening of Sunday, March 7, 1937, they dined at the Lodge, a restaurant located on Indiana avenue in the city of Sheboygan, between Nineteenth and Twentieth streets. Indiana avenue, also known as State Trunk Highway No. 28, runs east and west.   During the dinner hour the

Fischer car was parked on the north side of Indiana avenue facing west. After dining and at about 7 o'clock, Mr. and Mrs. Fischer got into the Fischer car and proceeded in a westerly direction intending to turn around in Twenty-Fourth street. Twenty-Fourth street runs to the south from Highway No. 28. Highway No. 28, at the point of the accident, was paved with concrete eighteen feet wide. Twenty-Fourth street was not paved. Upon reaching Twenty-Fourth street, Mr. Fischer turned to his left and into Twenty-Fourth street. Upon so doing he observed that it was muddy. He therefore stopped his car after having proceeded into Twenty-Fourth street about a car length from the pavement on Highway No. 28. Because of the mud and the fear of getting stuck, Mr. Fischer decided to back out and execute a "Y" turn. According to Mr. Fischer's testimony, he looked to the east, his left, and to the west, his right, before starting to back out. He observed no car approaching from either direction. His view to the west was somewhat obstructed. He backed out of Twenty-Fourth street very slowly, and as the rear of his car was approaching the concrete he asked Mrs. Fischer: "Is it clear from your side?" Mrs. Fischer replied immediately: "You better stop, there is a car coming." Mr. Fischer immediately stopped the car. The car was stopped in an oblique position. The right rear of the car extended about a foot onto the concrete and the left rear extended about two feet onto the concrete. Both Mr. and Mrs. Fischer testified that they looked to the rear and observed the position of the car with respect to the paved portion of Highway No. 28. In that position the Fischers awaited the coming and passing of the car which Mrs. Fischer had observed. The car approaching from the west was owned by Grossman and was driven at the time of the accident by Voss, with Grossman's permission. Ott was a guest in the Grossman car. There was testimony to show

that just prior to the accident the Grossman car was being driven at a fairly high rate of speed, that shortly before the collision Voss and Ott were blinded by the lights of a car approaching from the east, which passed them at a point estimated to be from a quarter to a half a block west of the Fischer car. Ott did not observe the Fischer car until the car in which he was riding had passed the car with the blinding lights. Public improvements were being made along the south side of Highway No. 28 immediately to the west of Twenty-Fourth street, and a number of red lights had been placed there along the highway. The first that Ott saw of the Fischer car was the taillight flashing and he said to Voss: "Look out Ray," whereupon Voss swerved the car to avoid a collision. According to Ott's testimony, the Fischer car was further onto the concrete than testified to by the Fischers. The car driven by Voss collided with the right rear of the Fischer car which caused the injuries to the persons and damage to the properties, for which recovery is sought in the several actions. Mrs. Fischer testified that when Fischer was backing up the car toward Highway No. 28, he asked: "How are things from the west?" and that she answered immediately: "You will have to wait, there is a car coming." She further testified that she looked back and saw that they were in no danger, otherwise she would have screamed or called out. According to the testimony, Mr. Fischer asked only the one question. He did not ask Mrs. Fischer to make any observation as to whether he had backed up too far onto Highway No. 28 or in any other manner indicated that he expected her to assist him in the operation of the car.

The appellants make a number of alternative contentions: (1) That Elwood C. Fischer was negligent in no respect; (2) that Ruth Fischer was negligent in no respect; (3) that if either of the Fischers was negligent it was Mrs. Fischer,

not Mr. Fischer; (4) that if Mr. Fischer was in any way negligent, Mrs. Fischer was as a matter of law guilty of negligence equal to that of Mr. Fischer; (5) that any negligence of Mr. Fischer should be imputed to Mrs. Fischer; and (6) that, under the circumstances, she assumed the risk of injury. It is contended that the judgment in favor of Ruth Fischer should be reversed as to Mr. Fischer and the Casualty Company and that so much of the judgments as provided for contribution should be reversed.

Does the evidence sustain the finding of the jury that Elwood C. Fischer was guilty of negligence in operating his car just prior to the accident in not maintaining a proper lookout, in backing it out and stopping it upon a portion of the concrete and in staying there while the Voss car was approaching from the west? According to the testimony, it was dark at the time of the collision. The place of the collision was beyond the limits of the city of Sheboygan. The traffic on Highway No. 28 was ordinarily quite heavy. Under the circumstances, it is our opinion that the jury was warranted in finding Mr. Fischer guilty of twenty-five per cent of the causal negligence. Had the accident occurred in the daytime a wholly different view of the accident might be taken. There can be no question as to the right of Mr. Fischer to back up into Highway No. 28 in executing a "Y" turn, but it was clearly his duty to exercise ordinary care in so doing. Had he not stopped his automobile on the traveled portion of Highway No. 28, the accident would not have happened. There is no suggestion in the evidence that the Voss car was being driven on any part of the right shoulder.

Was Ruth Fischer guilty of contributory negligence as a matter of law? Ruth Fischer was not driving the car. Except as already detailed, she made no suggestions or gave no directions regarding its operation. When asked by her husband: "How are things from the west?" she immediately

said: "You will have to wait, there is a car coming." When called upon by her husband to make an observation she responded promptly by making it and immediately reporting to her husband the results of her observation. It is not suggested that her observation was faulty or that she did not see what she should have seen. In looking to the rear, as the Voss car was approaching, she felt that the position of the Fischer car was not dangerous. Perhaps she did not realize that it was in an oblique position and that the left rear of the car protruded so far upon the concrete. Had Mr. Fischer asked her to observe the position of the car with respect to the concrete and to report to him, a somewhat different situation would exist, but no such request was made of her by him. It is our conclusion that the question of Mrs. Fischer's negligence was for the jury.

Should the negligence of Mr. Fischer, as found by the jury, be imputed to Mrs. Fischer? It is conceded that Mrs. Fischer was a guest in her husband's car up to the very time that Mr. Fischer asked her the question: "How are things from the west?" That question was promptly and truthfully answered. It is contended that from that time on the relationship between Mr. Fischer and Mrs. Fischer was one of mutual agency, as was held to exist under the undisputed facts considered in *Knipfer v. Shaw,* 210 Wis. 617, 246 N. W. 328, 247 N. W. 320. The facts in that case were quite unusual and peculiar and, in our view, the holding there should not be applied here. The host and guest relationship may not be so easily terminated. We have examined the cases cited by appellants which involved collisions between trucks or wagons and trains at railroad crossings. *Klande v. Great Northern R. Co.* 163 Minn. 123, 203 N. W. 773; *Franklin v. Minneapolis, St. P. & S. S. M. R. Co.* 179 Minn. 480, 229 N. W. 797; *Morningstar v. North East Penn. R. R.* 290 Pa. 14, 137 Atl. 800; *Lundergan v. New*

*York Cent. & H. R. R. Co.* 203 Mass. 460, 89 N. E. 625; *Smellie v. Southern Pac. Co.* (Cal. Sup.) 269 Pac. 657. In all those cases the facts reveal that the guest or companion who was asked to make an observation or lookout for trains, negligently failed to make a proper observation as requested, or as he had agreed to do. Those cases can have no controlling effect here where Mrs. Fischer promptly complied with Mr. Fischer's request and correctly reported what she saw, which in no sense constituted a faulty observation. In our view, under the facts of this case, the negligence of Mr. Fischer should not be, as a matter of law, imputed to Mrs. Fischer.

Did Mrs. Fischer, under the circumstances, assume as a matter of law the risk of Mr. Fischer's negligence? The only negligence of Mr. Fischer which it may be argued was assumed by Mrs. Fischer was the backing of his car too far onto the pavement. She did testify that she looked to the rear and observed the position of the car with respect to the pavement and felt that there was no danger. The encroachment by her side of the car was considerably less than the encroachment by the left side of the car. She perhaps did not appreciate the fact that the position of the car was in an oblique position. She was, in our view, at that time a guest in her husband's car, and the duty which rested upon her was clearly not as great as that which rested upon her husband, who was the operator of the car. We think the question of Mrs. Fischer's assumption of risk of injury was, under the facts of this case, peculiarly a question for the jury.

*By the Court.*—The judgments are affirmed.