MARIA MAGDALENA DARIAN v. CLAYTON D. McGRATH
AND ANOTHER.[1]

June 18, 1943.

No. 33,303.

*H. E. Maag* and *Oscar G. Haugland,* for appellant.
*Freeman, King* and *Geer,* for respondents.

LORING, JUSTICE.

This was an action to recover damages for personal injuries resulting from an automobile accident which occurred in Wisconsin.

[1]Reported in 10 N. W. (2d) 403.

Plaintiff was a passenger in defendants' car, which at the time of the accident was being driven by plaintiff's husband. Defendants had a verdict, and this appeal is from an order denying plaintiff's motion for a new trial.

The defendants are husband and wife and are the owners of the automobile involved. Mr. McGrath is a musician and was playing in an orchestra in Milwaukee. Mrs. McGrath and a Mrs. Simmons, whose husband played in the same orchestra, were planning a trip with the McGrath automobile from Minneapolis to Milwaukee to visit their husbands over the Armistice Day holiday in 1940. Before the trip, plaintiff and her husband were visiting with Mrs. Simmons and learned of the proposed trip. They indicated their desire to visit plaintiff's sister in Milwaukee and asked Mrs. Simmons if they could ride along with her and Mrs. McGrath, with whom they were also acquainted. Mrs. Simmons then called Mrs. McGrath by telephone, and the following conversation took place:

"Q. When you called up Mrs. McGrath and explained why these people wanted to ride with you, you said, did you not, that they would go along and help her share the expense and they will agree to help do the driving?

"A. *I didn't say anything about sharing expenses; that was nothing to me; that was up to Mrs. McGrath.*

"Q. And you also said it would help her because Mr. Darian was a good driver and he agreed to do part of the driving?

"A. I didn't say anything about him being a good driver. *I said he could help her drive.*

"Q. And he had told you he would help her drive?

"A. *He said he would, yes.*

"Q. So you gave that to her as an added inducement of why she should let them go along, didn't you, that he would help drive?

"A. She didn't have to let him go along unless she wanted to.

"Q. But you did tell her he agreed to help her drive, and you told that to Mrs. McGrath?

"A. I said that he *would go along and he could help drive.*

"Q. And he told you he would help drive?

"A. Yes."

Plaintiff is stone-deaf and did not hear the conversation. Her husband, Mr. Darian, did not testify at the trial. Plaintiff testified that she knew of no agreement to share the expenses of the trip and did not know whether or not her husband entered into such an agreement. There was no evidence that she knew of talk about her husband driving.

The trip to Milwaukee was completed without accident, the Darians visiting plaintiff's sister and pursuing their own purposes independently of Mrs. Simmons and Mrs. McGrath. The return trip was commenced November 12, 1940, the day following the disastrous Armistice Day blizzard of that year. Mrs. McGrath drove as far as Eau Claire, where she said she was tired and asked Mr. Darian to drive. He then took the wheel. There was evidence tending to prove that while he was driving they came to an icy spot on the road, that he put on the brakes, and the car skidded into the ditch, causing the injuries complained of.

At the conclusion of the testimony the court submitted a special interrogatory to the jury as follows:

"Was there any understanding, agreement or arrangement made between plaintiff and her husband and Mrs. McGrath that plaintiff's husband should drive defendants' car part of the time and way in making the trip from Minneapolis to Milwaukee and return?"

If they found there was such an agreement they were directed to find a general verdict for defendants. The jury answered this question "Yes," and under the court's instruction they found a verdict for the defendants. This interrogatory is assigned as error.

■ As this cause of action arose in Wisconsin, it is conceded that we are governed by the law of that state. Wisconsin has no owner's responsibility statute, and our statute does not apply to Minnesota cars while operated in Wisconsin. Zowin v. Peoples Brg. Co. 225 Wis. 120, 273 N. W. 466. Nor does that state prohibit actions for personal injuries by wife against husband. Wait v. Pierce, 191 Wis. 202, 209 N. W. 475, 210 N. W. 822, 48 A. L. R. 276.

The fact that plaintiff and the driver were husband and wife did not of itself create the relationship of master and servant or principal and agent.

So far as the evidence goes, there is no showing whatever that plaintiff knew of any prearrangement to drive between her husband and Mrs. McGrath; so, even if we take defendants' theory at its face value, the most that can be said is that at the time of the accident Mr. Darian was Mrs. McGrath's agent either by prearrangement or by request made at the time. There is no evidence that she surrendered control or management other than to ask him to drive. Agency is a matter of contract, either by arrangement expressed in words or by conduct. Benedict v. Pfunder, 183 Minn. 396, 237 N. W. 2. On this record, by her own request plaintiff was a guest of Mrs. McGrath, unless by words or conduct she became a principal in the enterprise. That she was not engaged in a joint enterprise is conceded. That there was a bailment of the car to her or to her husband at Eau Claire when Mrs. McGrath asked Mr. Darian to drive is not and could not well be contended. Mrs. McGrath merely said she was tired and asked Darian to drive. She did not otherwise surrender control. Negligence of the husband is no longer imputed to the wife. The relation of principal and agent may only be created between them as between others who are not so related. Olson v. Kennedy Trading Co. 199 Minn. 493, 498, 272 N. W. 381. These principles are well expounded in Rodgers v. Saxton, 305 Pa. 479, 158 A. 166, 80 A. L. R. 280. This is not in conflict with Smalley v. Simkins, 194 Wis. 12, 215 N. W. 450, where both the Smalleys were parties to the prearrangement by which at the particular time the accident occurred the Simkins' car was held to be the subject of a bailment to the Smalleys. It was so construed in the subsequent case of Gehloff v. Kandler, 204 Wis. 464, 465, 234 N. W. 717, where it was said:

"The owner of a car arranging for its being driven for her benefit is responsible for damage done by a driver secured by her unless there exists an arrangement which divests the owner of control and leaves the owner a mere passenger."

In the case at bar, we find no support for a finding that Mr. Darian was his wife's agent or that Mrs. McGrath surrendered control of the car. Plaintiff and her husband were each guests of Mrs. McGrath. Up to the point in the conversation related by Mrs. Simmons at which the guest relationship was established, there was not the slightest evidence of agency. That was as far as plaintiff knew the transaction. At any rate, there is no evidence to support a contention that she knew any more than that she was invited as a guest. The burden of so going forward with the proof was on defendants. If beyond the permission to go along Mrs. McGrath arranged with Mr. Darian to drive the car, that may have created an agency for Mrs. McGrath. It did not for plaintiff, who was not a party to the arrangement. She was still merely a guest, not a principal, without any control whatever over the car or its driver. To make her husband her agent in the matter of driving, there would have had to be a contract to which plaintiff was a party, expressed either in words or in conduct. The law implies none from their marital relation. Other Wisconsin cases of interest are Brubaker v. Iowa County, 174 Wis. 574, 183 N. W. 690, 18 A. L. R. 303; Calumet Auto Co. v. Diny, 190 Wis. 84, 208 N. W. 927; Chase v. American Cartage Co. 176 Wis. 235, 186 N. W. 598; Edwards v. Kohn, 207 Wis. 381, 241 N. W. 331; Fischer v. London G. & A. Co. Ltd. 230 Wis. 47, 283 N. W. 295; Houfe v. Town of Fulton, 29 Wis. 296, 9 Am. R. 568; Philip v. Schlager, 214 Wis. 370, 253 N. W. 394; Prideaux v. City of Mineral Point, 43 Wis. 513, 28 Am. R. 558; Reiter v. Grober, 173 Wis. 493, 181 N. W. 739, 18 A. L. R. 362; Schmidt v. Leary, 213 Wis. 587, 252 N. W. 151; Van Gilder v. Gugel, 220 Wis. 612, 265 N. W. 706, 105 A. L. R. 824.

■ Defendants further contend that implicit in the verdict is a finding of no negligence on Darian's part. There is no merit to that contention. The jury were instructed that if there was "any understanding, agreement, or arrangement made between plaintiff and her husband and Mrs. McGrath that plaintiff's husband should drive defendants' car part of the time and way in making the trip from Minneapolis to Milwaukee and return" then the husband in

so driving the car was acting on behalf of both plaintiff and defendants and plaintiff would have no right of recovery. Under the court's charge, it was only if they found that there was no arrangement between them to that effect that the jury would get to the question of negligence.

There being no evidence in support of a finding that Darian was acting as his wife's agent, the order denying a new trial is reversed.

THOMAS GALLAGHER, JUSTICE (dissenting).

I am of the opinion that from the evidence, considered in its entirety, the jury might properly conclude that an agreement or understanding had been arrived at between plaintiff and her husband and Mrs. McGrath to the effect that plaintiff's husband should drive part of the time on the trip, and that this question was properly submitted to the jury by special interrogatory. The jury found that such agreement had been made, and hence I believe the case is controlled by the principles set forth in Smalley v. Simkins, 194 Wis. 12, 215 N. W. 450, which does not appear to have been overruled by the Wisconsin courts. Under this decision, agency having been established between plaintiff and her husband, she is not entitled to recover for injuries arising out of his negligence.