PILGRIM *v.* JOYNER.

5-2588                                    355 S. W. 2d 616

Opinion delivered April 2, 1962.

*Cockrill, Laser & McGehee,* for appellant.

*Guy H. Jones* and *Francis T. Donovan,* for appellee.

SAM ROBINSON, Associate Justice. This is a personal injury case. A pickup truck belonging to the appellant, J. P. Pilgrim, broke down and he got his friend, Robert Cheek, to pull the disabled truck to White's Garage, located on the west side of Highway 65 north of Conway. This was done by attaching Pilgrim's truck to

the back end of Cheek's truck with a chain about six feet long.

Cheek and Pilgrim then proceeded north on Highway 65 with Cheek driving his pickup and pulling the other truck with Pilgrim at the steering wheel. They agreed that Pilgrim would give whatever arm signals Cheek gave. When they reached a point near White's Garage, which was on their left, Cheek turned to the left across the highway and, of course, he pulled Pilgrim's truck across the highway.

At this time, James Bostic was travelling south on Highway 65 in his automobile at a rapid rate of speed. In an effort to avoid a collision with Cheek and Pilgrim, who were executing a left turn in front of him, Bostic pulled to his left, sideswiped Pilgrim's truck and ran into a car occupied by appellee, Glover Joyner, and other members of the Joyner family, who were travelling north on the highway and all of whom were injured as a result of the collision. There is no contention that the Joyners were in any manner negligent.

The Joyners filed suit against Bostic, Cheek and Pilgrim. The actions were consolidated for trial. Upon a trial there were verdicts for the Joyners against all three defendants. Only Pilgrim has appealed.

There are two points for decision. First, is there any substantial evidence of negligence on the part of Pilgrim. We think there is. Pilgrim testified that before he and Cheek started north on Highway 65 they agreed that Pilgrim would also give any arm signals made by Cheek. Both Pilgrim and Cheek testified that they gave a left turn signal before they turned across the highway, which, of course, it was their duty to do. Ark. Stats. 75-618(b) provides: "A signal of intention to turn right or left shall be given continuously during not less than the last 100 feet travelled by the vehicle before turning." The jury could have found that Pilgrim was negligent if he failed to give such signal. Both Bostic and Mrs. Montean Joyner, who was driving the Joyner car, testified that neither Cheek nor Pilgrim gave any signal.

The Complaint alleges that the defendants failed to give the proper signal upon turning to the left. Pilgrim knew he was to turn to his left at White's Garage. Of course, he actually steered the towed vehicle to his left across the highway. The jury could have found from the evidence that no left turn signal was given and in failing to give such signal Pilgrim failed to do that which an ordinarily prudent person would have done under the circumstances. If such signal had been given Bostic might have seen it and avoided the collision. In 5 Am. Jur. 687, it is said: "The driver of the automobile which is doing the towing and the person in charge of the towed car owe a duty to pedestrians and other vehicles to exercise reasonable and ordinary care." In *Musgrave* v. *Studebaker Bros. Co.,* 48 Utah 410, 160 P. 117 the Court said: "The law does not prescribe any particular method by which vehicles may be moved on the streets. But in moving them it imposes the duty of exercising due or ordinary care. What constitutes ordinary care in view of a particular set of facts is ordinarily for the jury. That is, it is for the jury to say whether, in view of all the facts and circumstances in case of dispute, or where different inferences may be deduced by different minds, the conduct of the party charged with negligence did or did not constitute negligence, and if such conduct was negligence whether it was the proximate cause of the accident."

Appellant further contends that even if Pilgrim was negligent there is no substantial evidence that such negligence, if any, was the proximate cause of the collision. In the circumstances of this case it was a jury question as to whether Pilgrim's negligence was the proximate cause of the injuries sustained by the Joyners. Without objection, the Court gave the following instruction: "Proximate cause, means that to be actionable the negligence relied upon to give a right of recovery must be the direct and proximate cause of the injury or damage complained of. The proximate cause of an injury or damage, in that cause, which in natural and continuous sequence unbroken by any efficient intervening cause.

produces the injury or damage, and without which the result would not have occurred, and being a cause from which a person of ordinary sagacity and experience could foresee that the result might happen.

Affirmed.