STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Respondent,

v.

BUDGET RENT–A–CAR SYSTEMS, INC., et al., Appellants (C8–84–1003), Respondents (C2–84–1112),

Blanche E. Clark, Richard Bollinger, et al., Respondents,

Western National Mutual Insurance Company, Respondent (C8–84–1003), Appellant (C2–84–1112).

Nos. C8–84–1003, C2–84–1112.

Court of Appeals of Minnesota.

Dec. 24, 1984.

Kay Nord Hunt, V. Owen Nelson, Lommen, Nelson, Sullivan & Cole, P.A., Minneapolis, for State Farm Mut. Auto. Ins. Co.

Robert E. Salmon, Kenneth E. Salmon, Meagher, Geer, Markham, Anderson, Adamson, Flaskamp & Brennan, Minneapolis, for Budget Rent-A-Car Systems, Inc.

John A. Pierro, William J. Bergquist, Minneapolis, for Blanche E. Clark.

William N. Majerus, Peterson & Treat, P.A., Minneapolis, for Richard Bollinger, et al.

Craig H. Anderson, Susan D. Thurmer, Cousineau, McGuire, Shaughnessy & Anderson, Minneapolis, for Western Nat. Mut. Ins. Co.

Heard, considered and decided by WOZNIAK, P.J., and FORSBERG and LESLIE, JJ.

## OPINION

LESLIE, Judge.

Argonaut Insurance Co., Budget Rent-A-Car Systems, Inc., and Budget Rent-A-Car Corp. appeal from a declaratory judgment which set forth the priorities of exposure among the insurance companies connected with a rental car accident. We affirm.

## FACTS

Richard & Diane Bollinger and Richard & Blanche Clark, Minnesota residents, flew to Dallas, Texas, in 1975 to attend the National Builders Convention. The trip was paid for by Bollinger's employer, Superior Epoxy, with reimbursement to it by Clark for his share.

Upon landing at Love Field, Dallas, Bollinger applied for a rental car from Budget. The clerk did not ask if anyone other than Bollinger would drive the car; Bollinger did not designate any additional drivers on the application form.

Pursuant to paragraph 7 of the Rental Agreement, Budget was covered by a "self insurance arrangement" with respect to the first $100,000 of exposure. No liability insurance policy was provided with respect to this amount.

Budget had an excess liability policy from Argonaut Insurance Company in the amount of $900,000. Under the Argonaut policy, coverage was afforded to the named insured, Budget Rent-A-Car Corporation, as well as to any individual driving with Budget's permission.

After drinking at a party held in conjunction with the convention, Clark drove the rented vehicle on January 22, 1975, and struck a tunnel. The Bollingers sustained minor injuries; Blanche Clark sustained serious injuries.

Blanche Clark brought suit in Minnesota against Clark, Bollinger, and Budget Rent-A-Car Corporation. The claim against Budget was brought on a theory of vicarious liability under the Minnesota Safety Responsibility Act. That claim was dismissed because that act only applies to accidents occurring within the state of Minnesota. The suit against Clark and Bollinger is still pending in district court.

In July 1981, State Farm Insurance Company, the insurer of Clark's personal vehicles, brought this declaratory judgment action, seeking a judicial determination of the rights and liabilities of the various insurance companies connected with the rental car accident. The trial court determined:

1. Budget had priority for the first $100,000, either as a self-insurer or on its contractual obligation to provide insurance;

2. Argonaut had priority for the next $900,000 as the insurer for Budget;

3. State Farm, the insurer of Clark's personal vehicles, had priority for any excess to the limit of its policy liability limits; and

4. Western National, the insurer of Bollinger's company, Superior Epoxy, had priority for any remaining excess if the jury found that Bollinger was engaged in a business activity at the time of the accident.

Budget and Argonaut appeal, claiming Richard Clark is not an insured under the Argonaut policy, and that the trial court erred in finding that Budget has priority for the first $100,000.

Western appeals, claiming Auto Owners, the insurers of Bollinger's personal vehicles, should have priority over Western, the insurer of Bollinger's company.

## ISSUES

1. Did the trial court err in finding that Richard Clark was an insured under the Argonaut policy?

2. Did the trial court err in finding that Budget has priority for the first $100,000?

3. Did the trial court err in determining that Budget and Argonaut's policy is closest to the risk, and that therefore they have the primary duty to defend Richard Clark?

4. Was the trial court correct in determining that Western National has priority over Auto Owners?

## ANALYSIS

*Scope of Review*

■ The interpretation and construction of an insurance policy is a matter of law. *Iowa Kemper Insurance Co. v. Stone,* 269 N.W.2d 885, 887 (Minn.1978). As such, this court may determine whether the trial court properly interpreted and applied the

law to the facts presented. *Associated Independent Dealers, Inc. v. Mutual Service Insurance Cos.*, 304 Minn. 179, 229 N.W.2d 516, 519 (1975).

## I.

The rental agreement specifically provides that Budget and its insurer will not afford liability coverage to a driver not listed on the agreement. The omnibus clause of the Argonaut policy extends coverage to those driving with the permission of the named insured. Appellants argue that because Richard Clark was not named as an additional driver on the rental application, he was not a permissive user of the rental vehicle, and therefore not an insured under Argonaut's policy.

In *Milbank Mutual Insurance Company v. United States Fidelity and Guaranty Company*, 332 N.W.2d 160 (Minn.1983) the Minnesota Supreme Court adopted the initial permission rule holding:

[W]hen permission to use a vehicle is initially given, subsequent use short of actual conversion or theft remains permissive within the meaning of the omnibus clause, even if such use was not within the contemplation of the parties or was outside any limitations placed upon the initial grant of permission.

332 N.W.2d 160, 162 (Minn.1983).

▪ Thus, although the Budget Rental Agreement excluded Richard Clark from liability coverage, as an unlisted additional driver, he was nonetheless an insured under the omnibus clause of the Argonaut policy by virtue of the initial permission rule.

## II.

Pursuant to paragraph 7 of the Rental Agreement, Budget was covered by a self-insurance agreement with respect to the first $100,000 of exposure. Under the agreement, Budget agreed to pay only judgments rendered against itself. Therefore, since Budget is not a named defendant in the underlying personal injury ac-

tion, it contends that it has no responsibility to pay.

▪ In return for payment received for the car rental, Budget undertook to provide liability coverage for each vehicle rented. Pursuant to this agreement, Budget purchased insurance from Argonaut and agreed to become self-insurer for the first $100,000. Budget therefore was providing a benefit for the driver of the automobile and was acting as an insurer. There does not seem to be any sound basis for treating Budget any different from any other insurer in terms of its responsibilities. Budget made a risk management decision not to buy coverage for the first $100,000. To treat Budget as anything other than an insurer for the first $100,000 would create a windfall for Budget.

## III.

▪ Budget and Argonaut contend that State Farm, the insurer of Richard Clark's personal vehicle, is closest to the risk in this case, and therefore it should afford the primary level of coverage. The Minnesota Supreme Court set forth the criteria for determining which policy is closest to the risk in *Federal Insurance Company v. Prestemon*, 278 Minn. 218, 229, 153 N.W.2d 429, 436 (1967). A court should ask the following questions:

(1) Which policy specifically describes the accident causing instrumentality?

(2) Which premium reflects the greater contemplated exposure?

(3) Is coverage of the risk primary in one policy and incidental in the other?

▪ Applying these factors to this case, it is clear that Argonaut has primary coverage. The Argonaut policy was meant to cover the vehicle involved in the accident and was specifically written to cover the "business operations" of leasing vehicles.

## IV.

The lower court determined that Western National has priority over Auto Owners if the jury finds that Bollinger was engaged

in a business activity at the time of the accident. Western National contends that Clark is not an insured under its policy because he was not an employee, officer, partner, or shareholder of Superior Epoxy; therefore, Auto Owners, the insurer of Bollinger's personal vehicles, should have priority.

An insured is defined under the Western National policies as follows:

II. Persons Insured.

Each of the following is an insured under this insurance to the extent set forth below:

(b) Any partner or executive officer thereof, but with respect to a *non-owned automobile* only while such automobile is being used in the business of the named insured;

(c) Any other person while using an owned automobile or a *hired automobile* with the permission of the named insured, provided his actual operation, or (if he is not operating) his actual use thereof is in the scope of such permission.

(Emphasis added.)

A hired automobile is defined under Western's policy as "an automobile not owned by the named insured which is under contract on behalf of or, loaned to the named insured." A "non-owned automobile" is defined as "an automobile which is neither an owned automobile nor a hired automobile."

 Under the rental agreement, the vehicle was obtained in return for a sum of money and is a "hired automobile" as defined under Western's policy. If the jury determines that the hired automobile was under contract on behalf of the named insured—Superior Epoxy, Clark is covered under the Western policy and it has priority over Auto Owners.

### DECISION

By virtue of the "initial permission" rule, the named insured's lessee's permittee was covered under a car rental company's insurance policy, regardless of a contrary provision in the rental agreement.

A rental car company was treated like an insurance company to the extent that it was "self-insured."

The rental car company's insurance policy was closest to the risk of an accident involving one of its cars.

The insurer of the renter's company had priority over the insurer of the renter's personal vehicles if the jury determines that the renter was engaged in a business activity at the time of the accident.

Affirmed.