Aaron **BOATWRIGHT**, Respondent,

v.

Samuel A. **BUDAK**, Defendant,

**ALAMO RENT–A–CAR, INC.**, Appellant.

No. C3–00–1843.

Court of Appeals of Minnesota.

April 24, 2001.

Wilbur W. Fluegel, Fluegel Law Office, Minneapolis, MN; and Joel A. Montpetit, William J. Kranz, Montpetit, Freiling, Kranz & Marlow, St. Paul, MN, (for respondent).

William M. Hart, Melissa Dosick Reithof, Meagher & Geer, P.L.L.P., Minneapolis, MN, (for appellant).

Considered and decided by STONEBURNER, Presiding Judge, KALITOWSKI, Judge, and HALBROOKS, Judge.

## OPINION

STONEBURNER, Judge

Respondent passenger sued appellant Alamo Rent–A–Car, Inc. and the driver of a rented car for injuries resulting from an accident caused by the driver in Iowa. Alamo moved to limit its liability to $100,000, pursuant to Minn.Stat. § 170.54 (2000). The district court denied the motion, concluding that Iowa law, which has no limit on a rental-car company's vicarious liability, applies. Alamo appeals.

## FACTS

The facts underlying this litigation are undisputed. Samuel Budak rented a car from appellant Alamo Rent–A–Car at the Minneapolis International Airport on August 13, 1998. Budak and his passenger, Minnesota-resident-respondent Aaron Boatwright, drove from Minnesota to Iowa on August 14, 1998. In Iowa, Budak crossed the centerline and collided head-on with a vehicle carrying three Iowa residents. Two of the Iowa residents were killed. Boatwright and the third Iowa resident were seriously injured.

Iowa, like Minnesota, provides for the vicarious liability of automobile owners whose cars are operated within the state with the owner's permission, but unlike Minnesota, Iowa does not provide a cap on the vicarious liability of a rental-car owner.

Boatwright brought a lawsuit in Minnesota against Budak for negligence and against Alamo for vicarious liability for Budak's negligence. Alamo moved to limit its liability to $100,000, pursuant to Minn. Stat. § 65B.49 (1998). Alamo argued before the district court that Minnesota's liability cap on rental-car owners' vicarious liability created a conflict between the laws of Iowa and Minnesota, triggering a choice-of-laws analysis, pursuant to which Minnesota law should apply to this acci-

dent. Boatwright argued that Minn.Stat. § 170.54 did not apply to accidents outside of the state of Minnesota. Boatwright asserted to the district court, and Alamo did not dispute, that absent application of the Minnesota statute, there is no conflict of law and Iowa's vicarious-liability statute applies. The district court held that Minn. Stat. § 170.54 does not apply to accidents occurring outside the state of Minnesota, that there was no actual conflict of law requiring a choice-of-law analysis, and that Boatwright was entitled to bring a vicarious-liability claim against Alamo under Iowa Code § 321.493 (2001). The parties entered into a stipulated settlement preserving Alamo's right to appeal the issue of the application of Minn.Stat. § 170.54. This appeal followed.

## ISSUES

1. Does Minn.Stat. § 170.54 (2000) apply to accidents that occur outside of Minnesota?

2. Under a choice-of-law analysis, should Minnesota or Iowa law apply in this case?

## ANALYSIS

### 1. Application of Minn.Stat. § 170.54

#### a. Standard of Review

Statutory construction is a question of law that this court reviews de novo. *American Family Ins. Group v. Schroedl*, 616 N.W.2d 273, 277 (Minn.2000); *see Norton v. Tri–State Ins. Co.*, 590 N.W.2d 649, 651–52 (Minn.App.1999) (indicating application of statute to undisputed facts involves a question of law), *review denied* (Minn. May 26, 1999). "When the words of a law in their application to an existing situation are clear and free from all ambiguity, the letter of the law shall not be disregarded under the pretext of pursuing the spirit." Minn.Stat. § 645.16 (2000). If

a statute, construed according to ordinary rules of grammar, is unambiguous, a court may engage in no further statutory construction and must apply its plain meaning. *State by Beaulieu v. RSJ, Inc.* 552 N.W.2d 695, 701 (Minn.1996); *see Tuma v. Commissioner of Econ. Sec.*, 386 N.W.2d 702, 706 (Minn.1986) (recognizing where statute is unambiguous, effect must be given to its plain meaning). Whether language is ambiguous is a question of law; language is ambiguous if it is reasonably subject to more than one interpretation. *State by Beaulieu*, 552 N.W.2d at 701.

### b. Construction of Minn.Stat. § 170.54

■ According to the legislature, an owner of an automobile is vicariously liable for the acts of a permissive user:

> Whenever any motor vehicle shall be operated within this state, by any person other than the owner, with the consent of the owner, express or implied, the operator thereof shall in case of accident, be deemed the agent of the owner of such motor vehicle in the operation thereof.

Minn.Stat. § 170.54 (2000). The purpose of Minn.Stat. § 170.54 is to make the owner liable to those injured where no liability would otherwise exist, giving an injured person more certainty of recovery by encouraging owners to obtain appropriate liability coverage. *Milbank Mut. Ins. Co. v. United States Fid. & Guar. Co.*, 332 N.W.2d 160, 165 (Minn.1983); *Shuck v. Means*, 302 Minn. 93, 96, 226 N.W.2d 285, 287 (1974). The supreme court has consistently stated that courts must construe the statute liberally to achieve its purpose. *Milbank Mut.*, 332 N.W.2d at 165–66.

■ Alamo argues that Minn.Stat. § 170.54 applies to accidents that occur outside of Minnesota, so long as the vehicle was operated in this state at some time prior to the accident. Alamo relies on *Ewers v. Thunderbird Aviation, Inc.*, 289 N.W.2d 94 (Minn.1979). *Ewers* involved consolidated actions against the owners of aircraft rented in Minnesota that crashed outside of Minnesota. *Id.* at 95. The issue in *Ewers* was whether Minn.Stat. § 360.0216 imposes vicarious liability on an aircraft owner when the pilot's negligent acts and the impact of the aircraft occurred in another state. *Id.* at 96. All parties in *Ewers* agreed that Minnesota law applied and the only issue was the meaning of the Minnesota law. *Id.* at 97. The majority in *Ewers'* five-to-four decision found that the statute imposing vicarious liability on aircraft owners is ambiguous because it does not contain a geographical limitation on the phrase "in case of accident":

> When an aircraft is operated within the airspace above this state or upon the ground surface or waters of this state by a person other than the owner, with the consent of the owner, expressed or implied, the operator shall in case of accident be deemed the agent of the owner of the aircraft in its operation.

Minn.Stat. § 360.0216 (2000).[1] Having found an ambiguity, the supreme court searched for legislative intent and reasoned that in addition to giving effect to the legislative purpose of providing greater certainty of recovery to those injured by the negligent operation of an airplane, the legislature did not contemplate that vicarious liability would dissolve every time an aircraft left Minnesota air space, given the interstate nature of air travel. *Id.* at 98. The supreme court noted that even flights to destinations within the state frequently involve traveling over the airspace of other states or use of facilities in

---

1. This language has remained unchanged since 1976.

other states. *Id.* The *Ewers* court construed Minn.Stat. § 360.0216 as requiring only that an aircraft be operated in Minnesota at some point during its flight for the statute to apply. *Id.* at 99.[2] The supreme court clarified, however, that their interpretation of the statute would not operate to automatically impose liability on an aircraft owner for an accident in another state just because the plane happened to fly over Minnesota, as the applicable conflict-of-laws principles must first establish that Minnesota law controls the cause of action in question. *Id.* at 98 n. 5.

The appellate courts have not yet addressed the issue of whether the statute imposing vicarious liability on owners of automobiles permissively operated in Minnesota applies to accidents occurring outside the state.[3] Alamo urges this court to apply the reasoning in *Ewers* to the construction of Minn.Stat. § 170.54. Recently, however, the federal district court in Minnesota addressed the applicability of Minn.Stat. § 170.54 under facts virtually identical to this case. *See Avis Rent–A–Car Sys. v. Vang,* 123 F.Supp.2d 504 (D.Minn.2000). In *Avis,* Vang rented a vehicle from Avis Rent–A–Car in Minneapolis for a trip to Michigan. 123 F.Supp.2d at 505. While in Michigan, the vehicle was involved in an accident, which killed three of Vang's passengers (one of whom was a family member), and seriously injured another. *Id.* at 506. Avis sought a declaratory judgment that it could not be held vicariously liable under Minn.Stat. § 170.54 because the accident occurred in Michigan, not Minnesota. *Id.* The defen-

dants, relying on *Ewers,* took the same position that Alamo asserts here: that the Minnesota statute applies whenever the vehicle is operated in Minnesota at some point during the journey. *Id.* at 506–07.

The federal district court found the analogy unconvincing, however, and interpreted Minn.Stat. § 170.54 according to its plain language. *Id.* at 507; *see* Minn.Stat. § 645.16 (expressing purpose of statutory interpretation is to effectuate legislative intent, and when words of a statute are unambiguous, "the letter of the law shall not be disregarded under the pretext of pursuing the spirit"); *see, e.g., United States v. McAllister,* 225 F.3d 982, 986 (8th Cir.2000) (stating statutory interpretation always begins with language of statute itself and, if plain language of statute is unambiguous, that language is conclusive). According to *Avis,* the statute's plain language "[w]henever any motor vehicle shall be operated within this state, * * * the operator thereof shall in case of accident," means that the location of the accident must be read together with where the vehicle is currently being operated. 123 F.Supp.2d at 507. *Avis* determined that the case before it was not "*Ewers* on land," as the defendants had suggested, and held that "§ 170.54 does not apply to accidents occurring outside Minnesota, even when the vehicle was operated within Minnesota at some point in the trip." *Id.*

This court is not bound by the *Avis* holding. *See Northpointe Plaza v. City of Rochester,* 457 N.W.2d 398, 403 (Minn.App. 1990) (noting state courts not bound by

---

2. In *Ewers,* the supreme court briefly addressed Minn.Stat. § 170.54, but only to clarify that in an earlier case, *Darian v. McGrath,* 215 Minn. 389, 10 N.W.2d 403 (1943), the court stopped short of determining whether the motor-vehicle statute applied to out-of-state accidents. *Ewers,* 289 N.W.2d at 98–99.

3. This court held in an unpublished opinion that Minn.Stat. § 170.54 "explicitly limits its application to motor vehicles operated 'within this state,'" but in that case the involved vehicle was never driven within the state of Minnesota. *See Lord v. Kronick,* No. C5–94–1946, 1995 WL 34830 (Minn.App. Jan. 31, 1995).

federal court decisions even as to construction of federal statutes), *aff'd* 465 N.W.2d 686 (Minn.1991); *Jendro v. Honeywell, Inc.,* 392 N.W.2d 688, 691 n. 1 (Minn.App. 1986) (noting although statutory construction of federal law by federal courts is entitled to due respect, this court is bound only by statutory interpretations of Minnesota Supreme Court and United States Supreme Court), *review denied* (Minn. Nov. 19, 1986); *see also Rasheed v. Chrysler Corp.,* 445 Mich. 109, 517 N.W.2d 19, 27 n. 20 (1994) ("Although federal precedent is persuasive, it is not binding on state courts."). Nevertheless, we find the reasoning in *Avis* sound and persuasive.

The *Avis* court reasoned that § 170.54's use of the word "thereof" linked the statute's accident clause to its operation clause. 123 F.Supp.2d at 507. The *Avis* court found that the absence of "thereof" from the aviation statute distinguishes it from § 170.54. *Id.* The term "thereof" is defined as: "1. Of or concerning this, that, or it. 2. From that cause or origin; therefrom." American Heritage Dictionary of the English Language 1795 (4th ed.2000). Looking at the key phrases of the motor vehicle statute, "[w]henever any motor vehicle shall be operated within this state, * * * the operator *thereof* shall in case of accident," "thereof" concerns "any motor vehicle * * * operated within this state." (Emphasis added.) Employing a plain-meaning approach, we hold that Minn.Stat. § 170.54 applies only to accidents that occur within Minnesota.

### 2. Choice-of-law

#### a. Posture of case in district court

■ The parties told the district court that if Minn.Stat. § 170.54 was found not to apply to out-of-state accidents, the district court would not need to engage in a choice-of-law analysis. This posture may be explained by the fact that although the parties argued about the applicability of the vicarious-liability statute to out-of-state accidents, the focus was on the liability cap:

> Notwithstanding section 170.54, an owner of a rented motor vehicle is not vicariously liable for legal damages resulting from the operation of the rented motor vehicle in an amount greater than $100,000.

Minn.Stat. § 65B.49, subd. 5a(i)(2) (2000).

Iowa imposes no limit on the amount of damages recoverable from the owner of a rental vehicle. *See* Iowa Code § 321.493 (2001). Without Minn.Stat. § 65B.49, there is no conflict between the Minnesota and Iowa vicarious-liability statutes. Unlike Avis in the federal case discussed previously, here neither party advanced the argument below that if Minn.Stat. § 170.54 does not apply to out-of-state accidents, Alamo has no liability at all. Both parties told the district court that a choice-of-law analysis was necessary only if the statute applies. Boatwright argued to the district court, as he does on appeal, that "appellant's 'choice of law' analysis is a straw man in search of a red herring. It is irrelevant because * * * Minnesota's statute has geographic limitations, leaving only the Iowa law as applicable to the Iowa accident. * * * Minnesota's law does not apply, so no conflict analysis is necessary." Alamo, although correctly noting to the district court that without the statute there would be no basis for imposing owner liability in Minnesota, never disputed Boatwright's contention that if the Minnesota statute did not apply there would be no conflict and Iowa law would govern. At oral argument on appeal, however, Alamo advanced what appears to be the correct legal analysis: that a choice-of-law analysis is necessary even if Minn.Stat. § 170.54 does not apply to out-of-state accidents because the conflict in law is that there

would be no vicarious liability for the rental-car owner under Minnesota law in this circumstance and there would be unlimited vicarious liability under Iowa law.

■ "To argue a different theory on appeal typically precludes review." *Genung v. Commissioner of Pub. Safety*, 589 N.W.2d 311, 313 (Minn.App.1999), *review denied* (Minn. May 18, 1999); *Thiele v. Stich*, 425 N.W.2d 580, 582 (Minn.1988) (holding that issue raised below but argued under new theory on appeal is generally not reviewable). "We may, however, review any matter 'as the interest of justice may require.'" *Genung*, 589 N.W.2d at 313 (citing Minn. R. Civ.App. P. 103.04). Because the choice-of-law factors were thoroughly discussed below, albeit in the context of the conflict created by the liability cap, we find it in the interest of justice to address the issue rather than decline review.

Under the unique facts of this case, application of choice-of-law factors leads to the conclusion that Iowa law should be applied in this case. There is a conflict of law, as described above. *See Nodak Mut. Ins. Co. v. American Family Mut. Ins. Co.*, 604 N.W.2d 91, 93–94 (Minn.2000) (noting before choice-of-law analysis can be applied, court must determine a conflict exists between laws of two forums); *Jepson v. General Cas. Co.*, 513 N.W.2d 467, 469 (Minn.1994) (indicating first step in analyzing choice-of-law question is whether choice of one state's law over another's creates actual conflict). The parties agree there is no constitutional barrier to application of either state's law to this accident. *See Jepson*, 513 N.W.2d at 469 (indicating second step in analysis is whether the law of both states can be constitutionally applied).

■ The five choice-influencing factors are:

(1) predictability of result; (2) maintenance of interstate and international order; (3) simplification of the judicial task; (4) advancement of the forum's governmental interest; and (5) application of the better rule of law.

*Jepson*, 513 N.W.2d at 470; *Milkovich v. Saari*, 295 Minn. 155, 161, 203 N.W.2d 408, 412 (1973). The parties agree that factors (1), (2), and (3) are not significant in this case. *See Milkovich*, 295 Minn. at 161, 203 N.W.2d at 412 (pointing out that only the last two elements of the five-point methodology for resolving conflict questions are relevant to tort cases).

■ The fourth factor, interest of the forum state, is concerned with which law most advances a significant interest of the forum. *Jepson*, 513 N.W.2d at 472. Under the facts of this case, application of Minnesota law would result in no vicarious liability on the vehicle's owner, despite Minnesota's express interest in there being such liability. The supreme court has stated:

> Minnesota places great value in compensating tort victims. We have even refused to apply our law when the law of another state would better serve to compensate a tort victim.

*Id.* (citing *Bigelow v. Halloran*, 313 N.W.2d 10, 12–13 (Minn.1981) (noting that Minnesota and Iowa both had significant contacts with the subject of litigation, but choosing Iowa law because it was the "better rule of law")). Therefore, application of Iowa law to this case will most advance Minnesota's significant interest in giving injured persons more certainty of recovery and imposing responsibility for the operation of vehicles on the owners of those vehicles.

In this case, Iowa law best serves Minnesota's interest in compensating tort victims. This interest outweighs the state's interest in providing a cap on the liability of rental-car owners, as illustrated

by the relatively high limit of liability imposed on such owners (almost three times the mandatory minimum coverage in Minnesota of $30,000).

The fifth factor, better rule of law, has not been given any emphasis for many years and was therefore not addressed by the parties below. *See Nodak,* 604 N.W.2d at 96.[4] Application of the better rule of law, however, was the significant factor in finding that Iowa's survival statute better advanced Minnesota's interest in seeing that tort victims are fully compensated. *See Bigelow* 313 N.W.2d at 13 (quoting R. Leflar, *Conflicts Law: More on Choice-Influencing Considerations,* 54 Cal. L.Rev. 1584, 1588 (1966) ("[T]he inclination of any reasonable court will be to prefer rules of law which make good socio-economic sense for the time when the court speaks, whether they be its own or another state's rules.")). As in *Bigelow,* the better-rule-of-law analysis results in the application of Iowa law to this case.

We hold that a choice-of-law analysis results in the application of Iowa's vicarious-liability law to this accident.

## DECISION

Minn.Stat. § 170.54, which imposes vicarious liability on automobile owners for the negligence of permissive drivers, does not apply to accidents that occur outside of Minnesota. Applying a choice-of-law analysis results in application of Iowa's vicarious-liability law to this case because Iowa law most advances the interests of Minnesota in seeing that tort victims are compensated.

**Affirmed.**

---

4. *Nodak* holds that "when all other relevant choice-of-law factors favor neither state's law, the state where the accident occurred has the strongest governmental interest," and that state's law should be applied. 604 N.W.2d at 96.